UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JAMIE D. COLLINS                                            CIV. ACTION NO. 5:21-01812

VERSUS                                                      JUDGE DONALD E. WALTER

AARON OKEY, ET AL.                                          MAG. JUDGE KAYLA D. MCCLUSKY

REPORT AND RECOMMENDATION

Jamie D. Collins, who is self-represented, filed this civil action against his former

employer, Aaron Okey of Facelift Painting, L.L.C., on June 23, 2021.  (Complaint [doc. # 1]).

However, the complaint, as amended, does not assert a colorable federal claim, and there is no

indication of diversity of citizenship.  For the reasons that follow, it is recommended that the

complaint, as amended, be dismissed for lack of subject matter jurisdiction.

Background

Collins alleged that Okey did not provide him with W-2 forms for 2017 and 2021 [sic] and

failed to pay him for three weeks of work on a Lake Charles job in November.  (Complaint).  In

addition, Okey did not compensate Collins for several other jobs in Shreveport and Lake Charles.  *Id*.

Instead, Okey fired Collins while he was in Lake Charles, which caused Collins to have to borrow

money from three different people, so he could return to Shreveport.  *Id*.  Okey also directed Collins

to leave his girlfriend or else lose his job.  *Id*.  Ultimately, Okey would not let Collins return to

Shreveport to register with the Caddo Correctional Center, which caused Collins to be jailed for

failure to update his registration.  *Id*.

Collins seeks damages for the pain and losses that he suffered as an employee of Okey and

for being stranded in Lake Charles with no money or food.  *Id*.  He also seeks to recover his unpaid

wages for the jobs that he worked, and for traveling to and fro Lake Charles.  *Id.*  Finally, Collins

wants to be paid for Okey's failure to provide him with his W-2 forms.  *Id.*

On July 27, 2021, the undersigned reviewed the complaint and noted that Plaintiff failed

to include a short and plain statement of the basis for the court's jurisdiction.  (July 27, 2021,

Order [doc. # 5]).  Accordingly, the undersigned granted Plaintiff leave to amend his complaint

to allege facts to support the exercise of subject matter jurisdiction, including his failure to

address the citizenship of the parties (to the extent that he thought this court has diversity

jurisdiction)).  *Id.*  Insofar as Plaintiff was seeking relief under federal law, then he was required to

allege the federal law(s) or statute(s) that entitled him to relief.  *Id.*

On August 4, 2021, Plaintiff filed an amended pleading wherein he placed dollar figures on

his claims, but they totaled no more than $13,000.  (Amend. Complaint [doc. # 6]).[1]

## Analysis

### A. Introduction

Plaintiff is proceeding *in forma pauperis*, and this court is authorized by 28 U.S.C. §

1915(e)(2) to review IFP complaints and dismiss them if they are frivolous.  The court also has a

duty to examine the basis for subject matter jurisdiction.  *Torres v. Southern Peru Copper Corp.*,

113 F.3d 540, 542 (5th Cir. 1997).  If subject matter jurisdiction over the complaint is lacking,

dismissal is appropriate for that reason and pursuant to § 1915.  *Humphries v. Various Federal*

*U.S. INS Employees*, 164 F.3d 936, 941 (5th Cir. 1999).

---

[1] Plaintiff also asked the court to add the total amount of the W-2 forms to his itemized his damages.  *Id.*  However, if Plaintiff is seeking simply the W-2 forms themselves, the value of any such claim is insignificant.  If Plaintiff is seeking unpaid wages for two years, then that claim totals no more than $26,000 ($250/week x 104 weeks).  Either way, Plaintiff's claims do not exceed $75,000.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." *Id*. There is a presumption that a suit lies outside that limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 537 (5th Cir. 2017).

In this case, Plaintiff did not allege any basis for the exercise of federal subject matter jurisdiction. The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. A review of the record indicates that neither of those grounds for jurisdiction exists in this case.

**B. Diversity Jurisdiction**

For purposes of diversity jurisdiction, "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Therefore, Plaintiff must set forth the citizenship of the parties **and** allege that the amount that he seeks to recover exceeds $75,000 (if, in fact, that is the case).

When jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). This rule requires "strict adherence." *Id*. Here, the complaint, as

amended, does not allege the domiciles of the individual parties.[2]  Moreover, if Plaintiff also intended to sue Facelift Painting, L.L.C., then he needed to so clarify and allege the citizenship of the members of the limited liability company.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Plaintiff also did not allege in his complaint, as amended, that the amount in controversy exceeded $75,000.  *See* Compl. and Amend. Compl.  In fact, in his amended complaint, Plaintiff itemized his damages and confirmed that they do not exceed the jurisdictional minimum.  *See* discussion, *supra*.[3]

In short, Plaintiff=s complaint not only fails to show that the amount in controversy exceeds $75,000, it also does not establish requisite diversity of citizenship.

## C. Federal Question Jurisdiction

The court also does not discern a colorable federal question on the face of Plaintiff's complaint, as amended.  "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of Louisiana*,  522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted).  Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States.  *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126

---

[2] For individual parties, the courts have equated domicile with citizenship.  *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974).

[3]  "[I]f, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91 (1938).

S.Ct. 1235 (2006).  A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013).

Plaintiff filed his complaint on a form provided to prisoners for filing prisoner civil rights claims based on 42 U.S.C. § 1983.  However, there is no colorable basis for a Section 1983 claim in this case.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, *and* must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (emphasis added).  Private entities generally are not considered state actors. *Meade v. Dillard Dept. Stores*, 275 F.3d 43, 43 (5th Cir. 2001).  Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).   Here, at minimum, Plaintiff did not allege the violation of any specific federal right that was committed by a person acting under color of state law.

Moreover, Plaintiff did not otherwise cite a federal statute or allege facts from which the court could discern that he plausibly alleges a cause of action conferring federal question jurisdiction.[4]

### Conclusion

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable, non-frivolous federal claim that would support the exercise

---

[4] While Plaintiff alleged that Defendant(s) failed to provide him with a W-2 form for one or more years, he did not identify a federal statute that confers a private cause of action to enforce a delinquent employer to issue a W-2.

of federal question jurisdiction.  It is possible that he has asserted viable state law claims against a fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."  *Gutierrez v. Flores*, 543 F.3d 251, 252 (5th Cir. 2008) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)).  There may be a proper court or forum for Plaintiff to seek relief on his state law claims (*e.g.*, state court), but this federal court is not it.

Accordingly,

IT IS RECOMMENDED that Plaintiff's complaint, as amended, be dismissed without prejudice for lack of subject-matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

Under the provisions of 28 U.S.C. '636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY=S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 23rd day of August, 2021.

_____

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE